**Ronald Ray SMITH, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–83–428–CR, 2–83–429–CR.**

Court of Appeals of Texas, Fort Worth.

May 15, 1985.

Fred C. McDaniel, DeSoto, for appellant.

Henry Wade, Crim. Dist. Atty. and Constance M. Maher, Asst. Crim. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., JOE SPURLOCK, II, J., and HUGHES, Jr., J. (Retired) (Sitting by Assignment).

OPINION

FENDER, Chief Justice.

Appellant, Ronald Ray Smith, was convicted by a jury of the offenses of burglary of a building, TEX.PENAL CODE ANN.

sec. 30.02(a)(1) (Vernon 1974), and unlawful possession of a prohibited firearm, TEX. PENAL CODE ANN. sec. 46.05(a), (b) (Vernon 1974), on November 29, 1983. The jury assessed punishment at thirty-five (35) years for the burglary offense (enhanced) and twenty (20) years and a $10,000 fine for the illegal firearm charge.

We affirm.

Appellant raises three grounds of error: (1) the trial court erred in omitting from the charge an instruction on the defense of necessity to the burglary charge; (2) the court erred in omitting an instruction on "traveling" as a defense to the weapon charge; and (3) the evidence was insufficient to support the illegal weapons charge. Appellant's attorney chose to file separate briefs for the two charges. We will, however, address them in this opinion as if the three grounds had been presented in one brief.

There is little dispute as to the facts. At about 5:00 a.m. on October 3, 1983, Dallas police officers answered a silent burglar alarm at a tavern. The only door into the building had been broken open. A canine unit entered the building while other officers remained outside. Appellant was found hiding under a table with a sawed-off shotgun in his possession. No one else was found in the building.

Appellant argues the defense of "necessity" should have been contained in the Court's charge to the jury. *See* TEX.PENAL CODE ANN. sec. 9.22 (Vernon 1974).

We disagree.

■ Appellant argues he was entitled to the necessity defense because he feared the police were looking for him and he did not want to be caught, especially while carrying the shotgun. These facts do not entitle the defendant to have the jury charged on the necessity defense.

"The first two requirements of Section 9.22 are that the actor reasonably believe the proscribed conduct is necessary to avoid imminent harm, and that the desirability and urgency of avoiding the harm clearly outweigh, by ordinary standards

of reasonableness, the harm sought to be prevented by the law proscribing the actor's conduct."

*Johnson v. State,* 638 S.W.2d 636, 638 (Tex.App.—El Paso, 1982 *aff'd* 650 S.W.2d 414 (Tex.Crim.App.1983). Appellant's reasons for entering the premises without the owner's consent failed to invoke the defense of "necessity" since there was no evidence he was in danger of injury or harm. Appellants first ground of error is overruled.

■ In his second ground of error, appellant asserts the trial court erred in failing to charge on the defensive issue of "traveling" under TEX.PENAL CODE ANN. sec. 43.03(a)(3) (Vernon Supp.1985). Since this statute deals with Promotion of Prostitution, we will assume appellant is referring to TEX.PENAL CODE ANN. sec. 46.-03(a)(3) (Vernon 1974). While this statute may excuse *illegal possession* of a weapon, it does not excuse the possession of an *illegal* weapon. We find no merit in appellant's second ground of error and the argument is overruled.

■ Appellant's third ground of error asserts that the evidence was insufficient to support appellant's conviction for possession of an illegal firearm, that is, a sawed-off shotgun with a barrel length of less than 18 inches. Appellant appears to be arguing a mistake of fact exists under TEX.PENAL CODE ANN. sec. 8.02 in that he did not know the shotgun in question had a barrel length of less than 18 inches. If the appellant had presented evidence of mistake of fact, he would have been entitled to a charge upon that ground. *Lynch v. State,* 643 S.W.2d 737 (Tex.Crim.App. 1983). However, the mistake must be founded upon a *reasonable* belief about the factual matter. *Miller v. State,* 666 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1984 no pet.).

The evidence before the jury was that appellant carried the weapon in his pants pocket under his armpit, indicating a fairly short weapon. Additionally the appellant testified he ran from the police because he

was carrying the shotgun. The jury could have inferred from this statement that appellant was aware the weapon was unlawful.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia,* 443 U.S. 307, 317–318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1974). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson,* 672 S.W.2d at 803.

■ As stated earlier, there was circumstantial evidence from which the jury could infer the appellant was aware the shotgun had a barrel of less than 18 inches. Additionally the mistake of fact alleged to have existed was one capable of simple verification—the appellant could have measured the weapon and discovered its true length. *See Miller* 666 S.W.2d at 566. Because we find the evidence sufficient to support appellant's conviction for possession of an illegal weapon, we overrule appellant's final ground of error.

The judgment is affirmed.