James **JACKSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63979.

Court of Criminal Appeals of Texas, En Banc.

Feb. 9, 1983.

Rehearing Denied March 16, 1983.

George E. Gilkerson, Lubbock, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst., State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for theft. Punishment was assessed at five years and a $2,000 fine, and appellant was granted probation.

In three grounds of error appellant challenges the sufficiency of the evidence. Appellant was superintendent of schools at

Three Way in Bailey County. He was charged with theft of $285.87 of school system funds from T.D. Davis, a member of the Three Way School Board. Davis testified that the school board at its meeting of May 13, 1976, approved payment of current school system bills, which included $285.87 to Margarita Rodriguez for travel reimbursement. This and other checks were left with appellant for distribution to the payees. The specific check in question was left with appellant for delivery to Rodriguez, and any other distribution was without Davis' consent. The teller at the bank testified that on May 18 appellant presented the check in question and received cash. A handwriting expert testified that the endorsement on the check was written by the same person who had written another document identified by another witness as having been written by appellant. An accountant testified that the check had been paid from school system funds and had not been reimbursed. Rodriguez testified that she never received the check, did not endorse it, and had not applied for reimbursement of travel expenses.

■ Appellant challenges the sufficiency of the evidence to show theft of cash, arguing it shows theft of a check. The check was the instrumentality by which appellant received the cash. See *Kirkpatrick v. State,* 515 S.W.2d 289, 293 (Tex.Cr.App.1974). The use of a check does not render the evidence insufficient. In another ground of error appellant argues the evidence is insufficient to prove the owner was T.D. Davis, as alleged, arguing Rodriguez was the owner. This argument is likewise based on the false premise that it was a check that was the object of the theft, and is likewise without merit. The evidence is sufficient and the grounds of error are overruled.

■ In his first ground of error appellant complains of the trial court's denial of his request for an affirmative charge on the defensive issue raised by his own testimony. Appellant testified that he was a close friend of the Rodriguez family, several of whom were employed by Three Way School. He was aware of Mrs. Rodriguez's travel activities performed under the migrant program and believed she was entitled to reimbursement for travel from funds of that program. Acting on this belief, and because the fiscal period was nearing its end, appellant filed the requisition for reimbursement on her behalf. He testified he delivered the check first to her husband and then to her son. The son, according to appellant, was the person who endorsed the check. Then, while the two of them were standing in line at the bank, the son handed appellant the check and asked him to cash it while he (the son) went to inquire about safety deposit boxes. After the check was cashed, appellant offered the cash to the son, who took only $100 and asked appellant to hold the rest of the money for safe keeping until later. The rest of the money was later used to pay in part for a trip taken by the son. The issue is whether appellant's version of the events, if true, would entitle him to an acquittal. If so, he was entitled to an affirmative submission of a defensive charge on the subject, because the truth or falsity of his testimony is for the jury to decide. *Moore v. State,* 574 S.W.2d 122 (Tex.Cr.App.1978).

Essentially, appellant testified he believed Mrs. Rodriguez was entitled to the money, and that he was acting on her behalf when he filed the requisition for reimbursement. V.T.C.A., Penal Code, Sec. 8.02(a) provides:

"(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."

Appellant requested the following charge:

"You are instructed that if you believe from the evidence that the Defendant, James Jackson, obtained the check number 620, if he did, in good faith, believing that there was a debtor-creditor relationship existing between the owner and one Margarita Rodriguez, then you will acquit the Defendant, James Jackson and say by your verdict, not guilty, or if you

have a reasonable doubt thereof, you will acquit the Defendant."

Although appellant's requested charge was not drafted in the language of Sec. 8.02, we find it was sufficient to constitute a request for a defensive charge to which he was entitled. Appellant obtained the money through proper procedure for distribution of school funds. The State's theory of culpability was that the representations made by appellant in requesting payment for Mrs. Rodriguez were deceptive, and that appellant intended to obtain the money for himself, not for Mrs. Rodriguez. Appellant's position was that he was acting on her behalf, not for himself. Thus, appellant's belief about whether Mrs. Rodriguez was entitled to reimbursement and whether he was acting on her behalf was a key issue in the case. A reasonable belief on appellant's part that she was entitled to reimbursement and that he was acting on her behalf in requesting it would have negated the culpability essential to the State's case. The jury should have been charged on the issue.

The State argues appellant's position is based on the misperception that he was on trial for theft from Mrs. Rodriguez. Although this is a flaw in the sufficiency of the evidence issues discussed above, it has not infected this issue. The defense goes directly to the beliefs on which appellant acted when he secured issuance of the check. The State also asserts, "If I think the bank owes John Doe some money and if I steal money from the bank in the name of John Doe, I'm still a thief." This case is not parallel. If he thought the bank owed John Doe money and he filed a request for payment of that debt, and the bank honored the request, he would not be a thief. The defense of Sec. 8.02, supra, would protect his acts committed under the reasonably formed mistaken belief.

 Finally, the State submits that a charge on the defensive issue is merely a denial of an element of the State's case. This ignores the rule that a defendant is entitled to submission of every defensive issue raised by the evidence. *Montgomery*

*v. State*, 588 S.W.2d 950 (Tex.Cr.App.1979). To hold as requested by the State would be to strike Sec. 8.02 from the Penal Code. By its terms that section involves a mistaken belief that negates the culpability. Appellant was entitled to submission of the defensive issue.

The judgment is reversed and the cause remanded.