James Lee HILL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 605–87 to 607–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1989.

Rehearing Denied March 8, 1989.

George R. Milner, Ronald L. Goranson, Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

A jury convicted James Lee Hill, a doctor of osteopathic medicine and henceforth appellant, in a single trial of three separate offenses of commercially dispensing a controlled substance without a valid medical purpose as proscribed by the Controlled Substances Act, Secs. 1.02(10), 3.08(h), 4.08(a)(1), and assessed his punishment in cause no. 0605–87 at 8 years probation, in cause no. 0606–87 at 4 years probation and in cause no. 0607–87 at 3 years probation and an $8,000.00 fine.[1]

The record reflects that appellant testified at the guilt stage of his trial that, based on the symptoms that undercover agent Marisela Lopez reported, and based on the tests he ran on Lopez, he believed he was dispensing Ritalin, containing the controlled substance Methylphenidate, to her for a valid medical purpose. Appellant requested the trial judge to instruct the jury on the defense of mistake of fact, which request was refused. The State does not claim, nor did the court of appeals hold, that appellant's testimony was insufficient to raise the statutory defense of mistake of fact. We find the evidence sufficiently raised the issue.

V.T.C.A., Penal Code Sec. 8.02, emphasis supplied, provides:

(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief *negated the kind of culpability* required for the commission of the offense.[2]

If a defendant's conduct supports an inference of mens rea, designating mistake as a defense means that the state does not have the almost impossible task of also proving that the defendant did not act under a mistaken belief unless the defendant, who is in the best position to know what his mental state really was, injects that issue. Then, of course, the state must negate mistake under Section 2.03 ... Mistake of fact constitutes a defense only if it negates the culpable mental state.

V.T.C.A., Penal Code Sec. 2.03 reads in pertinent part:

(a) A defense to prosecution for an offense in this code is so labeled by the phrase: "It is a defense to prosecution...."

(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

The Practice Commentary to this section provides that:

Defenses place upon the defendant a production-of-evidence burden as to an exculpatory issue—usually of excuse or justification—

---

1. The indictment, in this cause, alleged that appellant did:

... unlawfully, then and there, knowingly and intentionally dispense, to wit: prescribe for Marisela Lopez a controlled substance, to wit: Ritalin, containing the controlled substance Methylphenidate, without a valid medical purpose, to wit: the said Defendant prescribed said controlled substance for Marisela Lopez to treat the medical condition of Narcolepsy, when said Defendant did not then and there believe that Marisela Lopez was suffering from said medical condition ...

2. Where a defense, such as mistake of fact, is enacted by the Legislature, the rule that it is not error to deny a requested instruction where it is an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case becomes inapplicable. Cf. *Cannon v. State,* 691 S.W.2d 664 (Tex.Cr.App.1985).

The Practice Commentary to Sec. 8.02 states:

Since, with few exceptions, the commission of an offense requires a culpable mental state as well as a proscribed act or omission, ignorance or mistake of any fact that negates the mental element would require acquittal without this section. Subsection (a) is included, however, to impose the procedural and evidentiary consequences of a defense. Mens rea is established in most instances only by inferences drawn from the actor's conduct.

The Fifth Court of Appeals affirmed the trial court's judgment in an unpublished opinion, rejecting appellant's contention that the trial judge erred by not instructing the jury pursuant to his requested mistake of fact instruction, i.e. that the jury should find appellant not guilty if the evidence raised a reasonable doubt that appellant had, in good faith, believed he was dispensing Ritalin, containing the controlled substance, Methylphenidate, to Lopez for a valid medical purpose. The court of appeals found appellant's requested instruction was merely an affirmative submission of a defensive issue which denied the existence of an essential element of the State's case, and thus refusal to submit such instruction was not error. See *Hill v. State*, (Tex.App.–Dallas, Nos. 05–86–00194–CR, 05–86–00195–CR, 05–86–00196–CR, April 13, 1987).

The court of appeals also held that the trial court did not err in instructing the jury on the law concerning parole as mandated by Art. 37.07, Sec. 4 V.A.C.C.P.

We granted the Appellant's Petition for Discretionary Review in order to review the correctness of the above holdings by the court of appeals.

■ In his first ground for review, appellant contends the court of appeals erred in holding the trial court was correct in refusing to charge the jury on the defense of mistake of fact as requested by appellant.

Judge Clinton, writing for the Court in *Barnette v. State*, 709 S.W.2d 650 (Tex.Cr. App.1986), stated the following:

A defendant who relies on a justification or defense such as one enumerated in Chapters 8 and 9 of the Penal Code does not deny any element of the State's case. He admits to having committed the culpable conduct charged, but asserts he should be found not guilty, because his action was somehow justified or excusa-

ble. That is why he (appellant) is entitled to a jury charge on such an issue, so that the jury can find that the State has proven every element of the offense and yet find the defendant not guilty.

In footnote 2 of the opinion, with emphasis supplied, the following was also stated:

The obvious statutory exception is mistake of fact, which is a defense to prosecution only if the defendant's "mistaken belief negated the kind of culpability required for commission of the offense." V.T.C.A. Penal Code, § 8.02. *Thus to support such a defense there must be not only a reasonable doubt whether defendant was mistaken as to an issue of fact, but also that mistake negated at least one element of the offense.*

We find from the evidence that a reasonable belief on appellant's part, that he was dispensing the Ritalin to Lopez for a valid medical purpose, would have negated the culpability element essential to the State's case. Also see *Jackson v. State*, 646 S.W. 2d 225 (Tex.Cr.App.1983) (held, that a reasonable belief on defendant's part that she (Mrs. Margarita Rodriguez) was entitled to reimbursement and that he was acting on her behalf in requesting it (a check) would have negated the culpability essential to the State's case).

In *Beggs v. State*, 597 S.W.2d 375 (Tex. Cr.App.1980), this Court held the defendant in that cause was entitled to an instruction on the defense of mistake of fact because there was some evidence that through mistake of fact she formed a reasonable belief about a matter of fact. There was also testimony that her mistaken belief negated a conscious objective or desire to cause serious bodily injury (intent) or an awareness that her conduct was reasonably certain to cause serious bodily injury (knowledge). The defendant's testimony in that cause established that when the defendant placed her granddaughter in a bathtub she mistakenly believed that the temperature

involving facts peculiarly within the knowledge of the defendant. This section provides for labeling this type of defense and specifies its procedural and evidentiary consequences.... The effect of Subsection (d) is to require the state to disprove a defense beyond

a reasonable doubt after the issue has been properly raised by the evidence. In other words, the defendant has the burden of producing evidence to raise a defense, but the prosecution has the final burden of persuasion to disprove it.

of the bathwater was normal. This Court held that was sufficient evidence to entitle the defendant to an instruction on the defense of mistake of fact. The evidence also showed that the water in the bathtub was scalding and that the child died as a result of the injuries she sustained. See also, *Lynch v. State,* 643 S.W.2d 737 (Tex.Cr. App.1983). In *Lynch,* supra, the appellant's petition for discretionary review was granted so that this Court could consider whether it was error to refuse appellant's requested charge on the defense of mistake of fact. The court of appeals had overruled this ground of error because the charge on the offense required the jury to find the intent element of the offense. This court held the court of appeals erred because its approach overlooked the rule that a defendant is entitled to an affirmative submission of defenses raised by the evidence. In that case, appellant presented evidence that his use of a van, which was shown to have been stolen, was with the permission of the person who gave him the keys to the van and who apparently authorized him to use the vehicle. This Court further held that, in light of appellant's evidence, to hold that such innocent use is no defense would make V.T.C.A., Penal Code Sec. 31.07 a strict liability offense. This Court held that the evidence sufficiently raised the issue of whether appellant was operating the van under a mistake of fact, and that it was error on the part of the trial judge to refuse the defendant's requested charge on that defense.

Appellant's testimony that he believed he was dispensing the Ritalin to Lopez for a valid medical purpose was a key issue in this case. A reasonable belief on appellant's part that he prescribed the Ritalin to Lopez for a valid medical purpose would have negated the culpability essential to the State's case. Cf. *Sanders v. State,* 707 S.W.2d 78 (Tex.Cr.App.1986).

It is true that the court's charge to the jury included the phrase "when said James Lee Hill did not then and there believe that Marisela Lopez was suffering from said medical condition ...", but nowhere within the charge is there an affirmative submission of the defense of mistake of fact.

Therefore, appellant was entitled to have the jury instructed on the defense of mistake of fact if there was some evidence before the jury that through mistake he formed a reasonable belief about a matter of fact and his belief negated the culpability essential to the State's case. See *Jackson,* supra, 646 S.W.2d at 227. We find appellant's testimony, that he mistakenly believed that when he dispensed the Ritalin containing a controlled substance to Lopez he was prescribing it to her for a valid medical purpose, was sufficient to entitle him to an instruction on the defense of mistake of fact. The trial court clearly erred in refusing to instruct the jury on the defense of mistake of fact pursuant to Sec. 8.02., supra.

■ In *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984) (emphasis supplied), a majority of this Court held:

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of the defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

The record reflects that appellant timely objected to the trial court's failure to include a mistake of fact instruction in the jury charge. He also submitted a special requested charge. Appellant clearly preserved the error. The question becomes whether appellant suffered some harm. We answer the question in the affirmative.

The issue of appellant's intent to commit the offense was for the jury. See *Moreno v. State,* 702 S.W.2d 636 (Tex.Cr.App.1986). The issue is not whether we find that appellant's testimony is true or even believable. That issue is reserved exclusively for the jury, as the trier of the facts, to resolve. See *Moreno,* supra, 702 S.W.2d at 641.

We hold under *Almanza,* supra, that the trial court's refusal to give appellant's requested charge, which would have applied

the law of mistake of fact to the facts of the case, caused appellant some harm and was thus reversible error.

In appellant's second ground for review, he complains that the court of appeals erred in holding that Art. 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined Art. 37.- 07, Sec. 4, supra, is unconstitutional. However, because this court has sustained appellant's first ground for review, it is unnecessary for it to remand this cause to the court of appeals for that court to conduct a harmless error analysis.

Therefore, the judgment of the court of appeals is reversed and the cause remanded to the trial court for proceedings not inconsistent with this opinion.

McCORMICK, P.J., and WHITE, J., dissent.