# PD-0554-15

PD-0554-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/12/2015 3:51:57 PM
Accepted 5/12/2015 4:36:39 PM
ABEL ACOSTA
CLERK

No. 07-14-00203-CR

TO THE
COURT OF CRIMINAL APPEALS OF TEXAS

HERMILO SANCHEZ-TAPIA
*Petitioner*

v.

THE STATE OF TEXAS,
*Respondent*

PETITIONER'S REQUEST FOR DISCRETIONARY REVIEW

No. 07-14-00203-CR
IN THE COURT OF APPEALS FOR THE
SEVENTH JUDICIAL DISTRICT OF TEXAS,
AT AMARILLO, TEXAS

Joel Cook
State Bar No. 24044289
Law Offices of Wm. Everett Seymore
810 Main St.
Lubbock, TX 79401
Telephone: (806)747-3825
Fax: (806)747-3851
joel_cook@outlook.com

*Counsel for Petitioner*

FILED IN
COURT OF CRIMINAL APPEALS

May 12, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

COUNSEL FOR THE STATE:

AT TRIAL—Tom Brummett and Cara Brewer, Assistant District Attorneys, 904 Broadway, Lubbock, Texas 79401.

ON APPEAL—Jeff Ford, Assistant Criminal District Attorney, P.O. Box 10536, Lubbock, Texas 79408.

COUNSEL FOR APPELLANT:

1. AT TRIAL— Trial counsel for the defendant were Joel de la Garza and Robin Matthews, 1703 Ave. K, Lubbock, TX 79401, (806) 763-0409.

ON APPEAL—Joel Cook, 810 Main Street, Lubbock, Texas 79401.

TRIAL COURT JUDGE:

AT TRIAL- Honorable Judge Mark Hocker, County Court at Law Number One, 904 Broadway, Lubbock, Texas 79401.

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES..............................................................ii

INDEX OF AUTHORITIES.............................................................iv

STATEMENT REGARDING ORAL ARGUMENT..........................1

STATEMENT OF THE CASE...............................................................1

STATEMENT OF PROCEDURAL HISTORY...............................3

GROUNDS FOR REVIEW..................................................................3

1) The Court of Appeals erred in holding that the issue of whether a DWI arrest occurred in a public place can never require a 38.23(a) instruction because it is an essential element of the State's case in chief and does not require an affirmative defensive instruction even when raised by the evidence.

2) *Blue* is too narrow of a standard of review when determining if trial court comments were fundamental error and the Court of Appeals erred by not adopting a standard of review contemplating the synergistic effect of the comments and the improper jury charge.

ARGUMENT IN SUPPORT OF GROUNDS FOR REVIEW....................4

PRAYER FOR RELIEF......................................................................15

CERTIFICATE OF SERVICE............................................................16

CERTIFICATE OF COMPLIANCE.....................................................17

APPENDIX (Opinion of the Court of Appeals)

# INDEX OF AUTHORITIES

CASES                                                                    *Page(s)*

*Beggs v. State,*

      597 S.W.2d 375 (Tex.Cr.App.1980)................................................9

*Blue v. State,*
      41 S.W.2d 129 (Tex. Crim. App. 2000) (en banc) (plurality op.). ........13

*Giesberg v. State,*

      984 S.W.2d 245 (Tex.Crim.App.1998)........................................11

*Granger v. State,*

      2000 WL 798072 (Tex.App.-Dallas June 22, 2000) (opinion on remand) (not designated for publication)................................................11

*Hill,* v. State,

      765 S.W.2d 794 (Tex.Crim.App.1989)........................................8,9

*Jackson v. State,*

      646 S.W.2d 225 (Tex.Cr.App.1983)...........................................9

*Lynch v. State,*

      643 S.W.2d 737 (Tex.Cr.App.1983)...........................................9

*Madden v. State,*

      242 S.W.3d 504 (Tex.Crim.App.2007)........................................12

*Robinson v. State,*

      377 S.W.3d 712 (Tex.Crim.App.2012)........................................6

*Sanchez-Tapia v. State,*

      No. 07-14-00203-CR, 2015 WL 1119762 (Tex. App.- Amarillo 2015) (mem. op., not designated for publication)..........................................3,7,13

*United States v. Fernandez,*

      496 F.2d 1294 (5th Cir.1974)................................................…..……14,15

*Walters v. State,*

      247 S.W.3d 204, 214 (Tex.Crim.App.2007)…………………..............…..11

No. 07-14-00203-CR

TO THE

COURT OF CRIMINAL APPEALS OF TEXAS

---

HERMILO SANCHEZ-TAPIA
*Petitioner*

v.

THE STATE OF TEXAS,
*Respondent*

PETITIONER'S REQUEST FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Petitioner, by and through his attorney of record, respectfully urges this

Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Because this case presents novel issues this Court has not previously

addressed, oral arguments would be helpful.

## STATEMENT OF THE CASE

Petitioner was convicted of Driving While Intoxicated. The detention and

arrest took place in the parking lot of the RV park where Petitioner resided. At

1

trial, he contended that the State could not prove the essential element of "public place" because the area of his detention and arrest did not occur in an area open to a substantial portion of the public. Testimony from the respective witnesses revealed a conflict in historical fact regarding the presence and visibility of fences and no trespassing signs around the property in question. The witnesses for the State and Defense disagreed generally as to whether the property was open to a substantial portion of the public, and specifically as to whether the area was fenced-in or if there were no trespassing signs posted on the property. This fact dispute came to a point when the defense questioned the State's witness regarding the application of the criminal trespass statute to the area of the arrest. The questioning was intended to elicit from the State's witnesses how fences and no-trespassing sings give notice of the "private nature" of property, and how that relates to the ultimate question of whether an area is open to a substantial portion of the public. The State objected to relevance, and in sustaining the objection, the trial court made a comment that could be interpreted by a reasonable juror as the trial court's adoption of the State's argument that the disputed area was open to a substantial portion of the public. No objection was made to the trial court's comments.

Because the physical character of the area in terms of its public or private

2

nature was a disputed historical fact, and that the resolution of that fact was material to the admissibility of any evidence of the DWI, the Petitioner argued he was entitled to a 38.23(a) instruction. The first issue of this petition challenges the trial court's denial of the requested charge. The denial of the instruction coupled with the trial court's comment on the weight of the evidence regarding the public or private nature of the property form the basis of the second issue. Petitioner believes that combination of the judge's comments and the lack of proper instruction equates to fundamental error and should be reviewable even though no objection was lodged at trial.

## STATEMENT OF PROCEDURAL HISTORY

On March 10, 2015 the Court of Appeals affirmed the trial court.[1]

Appellant's motion for reconsideration en banc was denied on April 8, 2015. The petitioner's PDR is due on May 8, 2015.

## GROUNDS FOR REVIEW

1) The Court of Appeals erred in holding that the issue of whether a DWI arrest occurred in a public place does not require a 38.23(a) instruction because it is an essential element of the State's case in chief and does not require an affirmative defensive instruction.

2) *Blue* is too narrow of a standard of review when determining if trial court comments were fundamental error and the Court of Appeals erred by not

---

[1] *Sanchez-Tapia v. State*, No. 07-14-00203-CR, 2015 WL 1119762, at *1 (Tex. App.- Amarillo 2015) (mem. op., not designated for publication).

3

adopting a standard of review contemplating the synergistic effect of the comments and the improper jury charge.

## ARGUMENT

### *Ground one: The Court of Appeals decision resurrects the "State's case rule"*

The site of Petitioner's arrest was the key issue of the trial. The area where the detention and eventual arrest took place was on, or part of a mobile home park.[2] Witnesses for the State testified that the area was a "public place" and that during their investigation they did not notice any fences or no-trespassing signs that would have indicated to them that the area was anything but "public."[3] The investigator for the defense testified to the presence of fences and a no-trespassing sign surrounding the park.[4] Additionally, after going to the park to take pictures, he offered his subjective belief that the mobile home park was not open to a substantial portion of the public.[5] The relevant part of the conflicting testimony is included below:

STATE: And where was that accident? OFFICER GOSWICK: 7516 I-27.
STATE: Is that in Lubbock, Texas?
OFFICER GOSWICK: Yes.
STATE: And is that a public place?
OFFICER GOSWICK: Yes.
. ..

---

[2] RR.III.41.
[3] RR.III.26, 30-31.
[4] RR.IV.120.
[5] RR.IV.123.

4

STATE: Okay. Are there any fences or gates or anything that would restrict the public from being able to go into this area?
OFFICER GOSWICK: No.[6]
. ..
STATE: And, Officer Goswick, just for the record, is this mobile home park and the business, are they a public place?
OFFICER GOSWICK: Yes, ma'am.[7]
. ..
DEFENSE: When did you return back out to the park?
KUHLANDER: This morning.
DEFENSE: Did you gain permission to enter by the owner before you traveled back out there?
KUHLANDER: Not this morning, no.[8]
. ..
DEFENSE: Okay. Now, regarding Defense's Exhibit 13 and 14, can you hold up Defense Exhibit 13 to the jury?
KUHLANDER: Okay.
DEFENSE: Describe the contents of that image?
KUHLANDER: It is a "No Trespassing" sign on a fence there at Applegate.
DEFENSE: Applegate Mobile Home Park?
KUHLANDER: Yes.[9]

Summarizing the above testimony, Officer Goswick testified that there were no fences, gates or "anything that would restrict the public from being able to go into this area." The defense investigator, testifying to the contrary, stated there were fences and a no trespassing sign at the scene. The State argues that the dispute regarding the presence of fences or no-trespassing signs is not really a dispute. In its brief, the State took the position that "[d]espite much argument at trial over the

---

[6] RR.II.26-28.
[7] RR.III.30.
[8] RR.IV.130.
[9] RR.IV.120.

issue of a public place, there was no actual disagreement over the historical facts of the location."[10]

We believe that this testimony presents a clear disagreement. It is our position that this testimony raises a factual dispute as to the *physical nature* of the property as previously contemplated by this Court in *Robinson,* and that such a dispute requires a 38.23(a) instruction.

This Court has previously held that the physical nature and characteristics of an arrest or detention site can form the substance of a disputed fact issue.[11] In *Robinson*, the potential factual dispute concerned how two roads merged together. And while the Court ultimately found that no fact issue was raised, it did note that nature of the physical characteristics of the road *could* have been a fact issue had the evidence been slightly different. In *Robinson*, the State Prosecuting Authority ("SPA") conceded in its brief to this Court that the "material facts" of the case were the configuration of the meeting of the roads, but that no evidence was put forth putting the physical appearance of the roadway in dispute.[12] This Court agreed and held that: "There was certainly disagreement among the parties as to whether a driver is *legally* required to signal at this confluence of the

---

[10] State's Br. at 10.

[11] *Robinson v. State*, 377 S.W.3d 712, 722 (Tex.Crim.App.2012).

[12] *Id.* at 718.

6

roadways..."[13]  However, that the "...parties did not offer conflicting testimony before the jury with regard to the *physical* character of the roadway, *viz:* that Ninth Street 'continues' onto Margaret Drive."[14]

The facts of this case raise the type of situation contemplated in *Robinson*— a factual dispute as to the *physical character* of an arrest site.  Much like the physical character of the merging roads in *Robinson*, the presence or absence of fences and no-trespassing signs in relation to the public or private nature of the property is a fact issue.  However, the Court of Appeals adopted the State's position that an affirmative 38.23(a) instruction is redundant since it is already included in the jury charge as an element of the State's case.

> "The State contends that the factual dispute about where the DWI occurred, and the arrest resulted, goes to the 'public place' element of the offense. Therefore, the State posits that the issue of a 'public place' was an issue for the jury in determining whether the State met its burden of proof in its case-in-chief, not in determining the reasonable suspicion for the initial stop.  We agree with the State."[15]

This holding conflicts with this Court's prior rulings in regards to statutory defensive instructions that are duplicative of an element of the State's case in chief.

---

[13] *Id.* at 720.
[14] *Id.*
[15] *Sanchez-Tapia*, 2015 WL 111976, at *7-8.

7

This Court has previously held that statutory defensive instructions, if raised by the evidence, are required to be submitted to the jury. This is so regardless of whether they are an essential element of the case, or only seek to negate an essential element of the offense. *Hill v. State* explored whether an affirmative defensive instruction was warranted for a mistake of fact defense that the State argued only sought to negate an essential element of the State's case.[16] In *Hill*, the defendant was charged with commercially dispensing a controlled substance without a valid medical purpose.[17] The doctor had prescribed Ritalin to an undercover agent posing as a patient. The defendant took the stand during the guilt/innocence phase of trial and testified that according to the symptoms reported by the undercover agent, and the tests he ran on her, he believed he was prescribing the drug for a valid medical purpose.[18] He requested the mistake of fact defense, which was denied by the trial court.[19] The State had argued on appeal, and the intermediate reviewing court agreed, that the instruction was unnecessary because it was merely an affirmative submission of a defensive issue, which denied the existence of an essential element of the State's case.[20] This Court granted review and ultimately disagreed with the State's position.

---

[16] 765 S.W.2d 794, 795 (Tex.Crim.App.1989).
[17] *Hill*, 765 S.W.2d at 795.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 796.

The *Hill* court found the defendant was entitled to an affirmative submission of the mistake of fact defense even though it only sought to negate an essential element of the case, and—equally important for purposes of this case—even though the court's charge had adequately addressed the defendant's mental state in the jury charge:

> "It is true that the court's charge to the jury included the phrase 'when said James Lee Hill did not then and there believe that Marisela Lopez was suffering from said medical condition...,' but nowhere within the charge is there an affirmative submission of the defense of mistake of fact."[21]

This was not the first time this Court has rejected the "State's case rule" in relation to affirmative defense issues.

In *Hill*, the CCA cited to several cases in support of their position that statutory, affirmative defense instructions are mandatory—regardless of whether they only negate an essential element of the State's case.[22] *Hill*, and the cases cited in support, dealt specifically with the statutory defense of mistake of fact, which is listed in chapter eight of the penal code, but it is only a slight extension of the CCA's reasoning, and certainly seems that they would have intended, for the holding to cover any statutory defensive issues contained in either the Penal Code

---

[21] Id. at 797.

[22] *See Beggs v. State*, 597 S.W.2d 375 (Tex.Cr.App.1980); *Lynch v. State*, 643 S.W.2d 737 (Tex.Cr.App.1983); *Jackson v. State*, 646 S.W.2d 225 (Tex.Cr.App.1983).

9

or the Code of Criminal Procedure. The fact that their decision in *Hill* would not extend to chapter nine (justification) defenses or the multiple defensive issues found in the Code of Criminal Procedure (insanity, statute of limitations, lesser included offenses and prior convictions, among others) is counter-intuitive. This is especially so when considering that the State's argument would foreclose a defendant from an affirmative instruction on an insanity defense simply because the defendant's mental intent was also an essential element of the State's case. *Hill* stands for the position that any statutory defensive issue, raised by the evidence, is entitled to an affirmative defensive instruction regardless of whether it is an essential element of the State's case in chief.

The lack of proper instruction is harmful even if the jury implicitly ruled against the defendant by finding him guilty. In *Hill*, the court found harm even though the jury found that the defendant had the requisite mental state. Likewise, in *Granger v. State*, the opinion noted the State's "...plausible argument that appellant was not harmed by the trial court's error because the mistake of fact defense was subsumed within the mental state element of the primary offense alleged in the jury charge" but found the error harmful nonetheless.[23] Furthermore, the court noted "...an appellant still suffers some harm by the trial court's failure to apply the law of mistake of fact to the facts of the appellant's

---

[23] *Granger v. State*, 2000 WL 798072 *at 1 (Tex.App.-Dallas June 22, 2000) (opinion on remand) (not designated for publication).

case."[24] The court also attached special significance to the fact that the requested instruction was the defendant's only defense in the case:

> "Here, mistake of fact with respect to whether there was a person in the car was appellant's primary defense; he was entitled to have the jury rule upon that defense and was harmed in not having the requested instruction submitted to the jury to guide it in its determination of guilt."[25]

Here, the "public place" issue was defendant's only hope of acquittal. The issue was raised in front of the jury, was a statutory defensive issue, and the requested jury instruction could have resulted in an acquittal *if* the jury believed the evidence supported it. Accordingly, the instructions should have been given, and the fact that the requested instruction was also an element of the State's case in chief does not eliminate the trial court's duty to properly instruct the jury on the subject of statutory defensive issues as mandated by *Hill*. This comports with this Court's contrasting views on statutory and non-statutory defensive issues—with the latter not receiving any protection on appellate review.[26]

---

[24] *Id.*

[25] *Id.* at 2.

[26] See *Giesberg v. State*, 984 S.W.2d 245 (Tex.Crim.App.1998) (alibi defense not entitled to affirmative instruction as it is not a statutorily enumerated defense); *Walters v. State*, 247 S.W.3d 204, 214 (Tex.Crim.App.2007) ("Normally, if the instruction is not derived from the code, it is not "applicable law.").

Here, there was a disputed issue of material fact that was raised in front of the jury, and there was a scintilla of evidence offered in support of the requested charge. Once the requirements of *Madden* were met, a 38.23(a) instruction is necessary.[27] The Court of Appeals decision that an affirmative instruction was redundant because the public place issue was addressed by the charge as an element of the State's case in chief conflicts with this Court's prior holdings. The holding in *Hill* only relates to the mistake of fact defense, but this case presents an opportunity for this Court to determine if the holding in *Hill* extends to 38.23(a) instructions and if the facts of this case are of the type contemplated in *Robinson*. We ask this Court to grant review to resolve these questions.

### *Ground two: The Court of Appeals erred by not considering the synergistic effect of the judge's comments with the lack of proper 38.23(a) instruction.*

During trial the defense was questioning a witness regarding the relation between the Texas criminal trespass statute and the fences and no-trespassing sign at the RV park. The State objected and in sustaining the objection, the Court made a comment on the evidence:

---

[27] See *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) (Three factors in determining if a 38.23(a) instruction is needed: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence).

DEFENSE: Your Honor, the public versus private place issue is definitely a very relevant issue. In this case it was brought up by the State as well. And criminal trespass has overlapping elements of that offense.

THE COURT: The issue is not public or private property. *It is a public place.* And the jury will be instructed in the Court's Charge that a public place means any place to which the public or substantial group of public has access. That is different from the criminal trespass statute. So until you lay an affirmative defense predicate, I'm going to sustain the objection.

DEFENSE: I'll pass the witness, Judge.[28]

The Court of Appeals found the judge's comments in front of the jury were not fundamental error and did not rise to the level of *Blue*.[29] *Blue* should not be the bar for determining if improper comments by the judge rise to the level of fundamental error when there is also an improper jury charge issue related to the comments. The true impact of the comments is only shown in relation with the lack of proper jury instruction that directly relates to the improper comments. Specifically, because the instruction and improper comments are related and combine to create a "collective error," the Court should look at the cumulative effect of the issues in relation to the overall soundness of the verdict. Simply put, the judge's comment that the area "is a public place" in combination with the charge error discussed above combines in such a way as to create fundamental error.

---

[28] RR.IV.64-65 (emphasis added).

[29] *Sanchez-Tapia*, 2015 WL 1119762 at *12; *See Blue v. State*, 41 S.W.2d 129, 131-32 (Tex. Crim. App. 2000) (en banc) (plurality op.).

13

The 5th Circuits decision in *United States v. Fernandez* supports this type of review.[30] In *Fernandez*, the court analyzed whether a failure to instruct the jury on the presumption of innocence was fundamental error.[31] The court initially noted that they were leaning towards a finding that the omission was harmless error on its own, but because of comments made by the prosecutor during closing arguments that related to the missing instruction, they decided the proper scope of review was to consider the combined affect of the comments and the missing instruction.[32] The court noted:

> "[w]ith the presumption of innocence charge not requested and its omission not objected to, we would be sorely tempted here to hold that plain error under Rule 52(b), F.R.Crim.P. is not made out, but for one aspect of the trial below which we find so critical as to mandate reversal for new trial."[33]

That aspect of the trial they were referring to were the prosecutor's statements during trial which directly touched on the defendant's presumption of innocence. The closing argument basically used the defendant's prior convictions

---

[30] 496 F.2d 1294 (5th Cir.1974) (prosecutor's argument that sought to impose a "presumption of guilt," together with failure of charge to instruct on the presumption of innocence, was plain error).

[31] *Fernandez,* 496 F.2d at 1296.

[32] *Id.* at 1299.

[33] *Id.*

14

to prove that he committed the instant offense.[34] The court pointed out that the individual errors of not having the presumption of innocence instruction and the prosecutors closing arguments, by themselves, were not reversible error; however, the synergistic effect of the two did create issues with the overall reliability of the guilty verdict:

> "But our doubts are resolved when we consider the prejudicial effect of the failure to charge on the presumption of innocence in combination with the prejudicial prosecutorial argument indulged in any [sic] largely uncorrected below. The synergistic effect of the combination is fatal to the vitality of this conviction under the circumstances of this case."[35]

Here, there were improper statements and a lack of proper instruction, a situation directly analogous to the *Fernandez* facts. The judge's comment that the area "was a public place" coupled with the lack of the 38.23(a) instruction involve around the same issue and so the error from each should be looked at collectively. We ask the Court to grant review to determine if the reasoning in *Fernandez* should be adopted by this Court.

## PRAYER

---

[34] *Id.* at 1299-1302.
[35] *Id.* at 1303.

15

WHEREFORE, We ask this Court to grant this Petition for Discretionary Review, set the case for submission, and after submission find that charge error occurred, or that the trial court's comments were fundamental error that vitiated the Appellant's presumption of innocence. In either case, that the guilty verdict be reversed, and the case remanded to the trial court for a new trial.

Respectfully submitted,

**LAW OFFICES OF
WM. EVERETT SEYMORE, P.C.**

Joel Cook
State Bar No. 24044289
joel_cook@outlook.com
810 Main Street
Lubbock, Texas 79401
Telephone: (806) 747-3825
Facsimile: (806) 747-3851

/s/ Joel Cook
JOEL COOK
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that on May 8, 2015, a true, correct, and complete copy of this Appellant's Brief was delivered via e-mail to counsel for the State.

/s/ Joel Cook
JOEL COOK


## CERTIFICATE OF COMPLIANCE

This is to certify that this document is in compliance with the word limit set in Rule 9.4.(i)(2)(B) as determined by Rule 9.4.(i)(2) and is hereby acknowledged in this Certificate in accordance with the Texas Rules of Appellate Procedure 9.4.(i)(3). This document contains 2,904 words.


/s/ Joel Cook
JOEL COOK

APPENDIX



In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00203-CR

HERMILO SANCHEZ-TAPIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2013-475,994, Honorable Mark Hocker, Presiding

March 10, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Hermilo Sanchez-Tapia, was convicted of driving while intoxicated[1] (DWI) and sentenced to 270 days confinement in the Lubbock County Jail. Appellant has perfected his appeal and, through two issues, contends that the judgment of the trial court should be reversed. Appellant's first contention is that the trial court erred in overruling appellant's issue for an article 38.23 jury instruction regarding the public or

_____

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

private nature of the location of the arrest.[2] Appellant's second issue contends that the trial court commented on the evidence during a discussion in front of the jury. We disagree and will affirm.

## Factual and Procedural Background

Appellant is not contesting the sufficiency of the evidence to support the jury's verdict. Therefore, we limit our discussion of the evidence to the issues presented on appeal.

Appellant was arrested on August 7, 2013, for DWI. The events leading up to his arrest centered on a reported accident in the parking adjacent to a business owned by Manuel Fernandez. Fernandez owns and operates a business, Manuel's Appliances, at 7516 Interstate 27 in Lubbock, Texas. Fernandez's business is adjacent to Applegate RV Park.[3] After receiving notice that his truck had been struck by another truck, Fernandez reported the accident by a 911 call to the Lubbock Police Department.

Officer Rayland Goswick responded to the call. Based upon his observations of the scene of the accident and the fact that Fernandez had appellant stay at the scene, Goswick was able to identify appellant as the driver of the truck that struck Fernandez's truck. Goswick proceeded to investigate appellant's actions only to learn that appellant did not speak English. Goswick then requested a Spanish-speaking officer be detailed to assist.

_____

[2] See TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

[3] Later in the trial, the site was referred to as the Applegate Mobile Home Park. From the record, they appear to be the same site.

2

Officer Michael Sandoval then responded to the call for assistance and took over the primary responsibility of the ensuing investigation. Sandoval observed signs of intoxication while interviewing appellant. As a result, Sandoval requested appellant take standardized field sobriety tests. After concluding these tests, Sandoval determined appellant was intoxicated and requested that appellant take a blood test. In so doing, Sandoval attempted to read the DIC-24 statutory warning to appellant in Spanish. Sandoval was unable to conclude the reading of the DIC-24 in Spanish and called for assistance. Sandoval transported appellant to University Medical Center (UMC) emergency room to obtain a sample of his blood.

Sergeant Juan Muniz, Sandoval's supervisor, met Sandoval and appellant at UMC and proceeded to read the DIC-24 to appellant in Spanish. Appellant subsequently consented to the taking of a specimen of his blood to test for the presence of alcohol. The blood was drawn and the sample was submitted to the DPS laboratory for testing. Appellant does not contest the validity of the blood draw or the results of the testing. The testing ultimately showed appellant's blood alcohol level to be .207.

During the testimony of the investigating officers, the State consistently elicited testimony that the place of the accident was a public place. Appellant's position seemed to be that the location of the accident, and, thus, where he was operating a motor vehicle, was on private property. This dispute over the facts came to a point during the testimony of Muniz. After the State concluded its direct examination of Muniz, appellant attempted to cross-examine Muniz with the aid of the Texas Penal Code section on criminal trespass. The State objected to this procedure on the grounds of relevance. Appellant submitted that the relevance was because "they have brought

3

up the issue of whether or not the trailer park is a private place. And in order to show that it is a public - - or private place, the crime of criminal trespass is highly relevant."

The trial court sustained the relevance objection and, in so doing, made the following statement:

> The issue is not public or private property. It is a public place. And the jury will be instructed in the Court's Charge that a public place means any place to which the public or substantial group of public has access. That is different from the criminal trespass statute. So until you lay an affirmative defense predicate, I'm going to sustain the objection.

The above quoted statement by the trial court is the basis of appellant's second contention, that such was a comment on the evidence.

After the State had rested its case-in-chief, appellant called Todd Kurlander as a witness. Kurlander is a private investigator who was assigned to assist appellant's trial counsel in the defense of the charge pending against appellant. Pursuant to his assignment, Kurlander took a series of photographs at the scene of the arrest. One of the photographs contains an image that contained a "No Trespassing" sign. According to the testimony, this sign was on a fence at the Applegate Mobile Home Park. Further, Kurlander testified that, before he started taking photos of the scene, he felt it necessary to obtain permission from the owner.

After both sides had rested and closed the presentation of evidence, the trial court conducted a hearing on the proposed Court's Charge. At that hearing, appellant requested an article 38.23 jury instruction. The thrust of the requested charge was to allow the jury to determine whether appellant had been driving or operating a motor

4

vehicle in a public place. The trial court denied the requested jury instruction. This is the basis of appellant's first contention.

The jury convicted appellant of DWI and this appeal followed. Through two issues, appellant contends that the trial court erred in denying the requested jury instruction and commented on the evidence. Disagreeing with appellant's contentions, we will affirm.

## Jury Instruction

Prior to addressing the requested jury instruction issue, it will be helpful for us to set forth the elements of a charge of DWI. Section 49.04(a) of the Texas Penal Code sets forth the elements necessary to convict appellant of DWI. They are as follows:

(1) appellant

(2) was intoxicated

(3) while operating a motor vehicle

(4) in a public place.

See TEX. PENAL CODE ANN. § 49.04(a).[4]

Appellant's first issue contends that the trial court committed reversible error when it refused to submit a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure.[5] The issue before the Court involves appellant's trial strategy

---

[4] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

[5] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ____" or "art. ____."

that the arrest occurred on private property. In connection with that proposition, trial counsel requested that the following jury instruction be given to the jury:

> You are instructed that no evidence obtained by an officer or other person in violation of any provision of the Constitution of laws in the State of Texas, or of the Constitutional laws of the United States of America, shall be admitted into evidence against the accused on trial of a criminal case. An officer is committed to make a temporary investigation, investigative detention of a motorist, if the officer has specific articulable facts, which taken together with rational inferences from those facts leading to conclude that a person detained actually is, at the time of detention, driving and operating a motor vehicle in a public place, while not having the use of his mental or physical faculties by reason of the introduction of alcohol into his system.

> Now, bearing in mind, if you find from the evidence that on the occasion in question, the accused, [appellant], was not driving or operating a motor vehicle in a public place, or if you have a reasonable doubt thereof, you will disregard the testimony of the officers concerning the detention of the accused, the questioning of the accused, and any evidence obtained from the accused including evidence relating to blood, and any conclusion drawn as a result thereof. And you will not consider such evidence for any purpose whatsoever.

## Standard of review

A claim of error in the court's charge involves a two-step process. *See Abnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (en banc). First, we must determine whether error occurred, and then, if error occurred, whether sufficient harm resulted from the alleged error to require reversal. *Id.* at 731-32. Accordingly, our initial inquiry is to determine if the trial court erred in denying the requested article 38.23(a) instruction.

## Analysis

We begin by reviewing article 38.23(a). Article 38.23(a) provides the following:

6

No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The requirements to entitle appellant to an article 38.23(a) jury instruction are set forth in *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). The Court initially pointed out that "a defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Id.* at 509-10. The Court then set forth the three requirements appellant must meet to be entitled to such an issue as follows: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* It is the third element that bears scrutiny in the case before the Court.

Appellant's entire argument is centered around the factual issue of whether the DWI occurred on private property. Appellant asserts that the DWI stop occurred in an area that had posted "No Trespassing" signs. This, according to appellant, then raised a factual issue that required the requested article 38.23(a) instruction.

The State contends that the factual dispute about where the DWI occurred, and the arrest resulted, goes to the "public place" element of the offense. Therefore, the State posits that the issue of a "public place" was an issue for the jury in determining whether the State met its burden of proof in its case-in-chief, not in determining the reasonable suspicion for the initial stop.

7

We agree with the State. That article 38.23(a) is an exclusionary rule design to protect a person charged with a criminal offense from illegally obtained evidence is beyond dispute. *See* art. 38.23(a); *Madden*, 242 S.W.3d at 509-10. What goes unsaid in appellant's brief is how the fact question at issue would result in the evidence being inadmissible. Appellant makes an argument that the conduct of the police violated the criminal trespass statute. However, appellant has provided the Court with no citations to cases holding that such a factual allegation, in this context, would result in the evidence being held to be illegally obtained. Further, it is of note that appellant did not file any pre-trial motions that contested the reasonable suspicion to detain appellant on the basis of the now alleged criminal trespass issue.

As the factual issue was raised before the jury, the contested fact was whether the event in question occurred in a "public place." This issue was thoroughly covered by the Court's Charge to the jury. Therein, the trial court defined a "public place" pursuant to the definition found in section 1.07(a)(40) of the Texas Penal Code. § 1.07(a)(40) (West Supp. 2014). Further, the charge properly defined the offense of DWI pursuant to the Texas Penal Code. § 49.04(a). In its application paragraph, the trial court instructed the jury as follows:

> Now, after considering all the evidence before you and these instructions, if you find from the evidence beyond a reasonable doubt that, on or about the 7th day of August, 2013, in Lubbock County, Texas the [appellant], HERMILO SANCHEZ-TAPIA, while intoxicated, operated a motor vehicle in a public place, as charged in the Information, then you will find the [appellant] "Guilty." Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the [appellant] "NOT GUILTY."

This charge gave full effect to appellant's contested factual issue, whether the offense took place in a public or private place. As such, it meets the requirements for a Court's Charge as set forth in the Code of Criminal Procedure. Art. 36.14. Additionally, this charge sets forth the law applicable to the case. *See Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007).

Finally, the State cites the Court to *Ackley v. State* for the proposition that a similar contention has been considered and rejected by one of our sister courts of appeals. *See Ackley v. State*, No. 01-09-00476-CR, 2011 Tex. App. LEXIS 9294, at *13-14 (Tex. App.—Houston [1st Dist.] Nov. 23, 2011, no pet.) (mem. op., not designated for publication). While the facts in *Ackley* are different in many respects from the case before the Court, we find its arguments persuasive on the issue of whether the private or public nature of the location of the arrest requires a 38.23(a) jury instruction. The location at issue in *Ackley* was a public campground that required a fee for use; the ultimate issue was whether the campground was a "public place." *See id.* at *13. The court in *Ackley* found that the alleged factual dispute, whether the campground was a "public place" was not material to the question of reasonable suspicion to stop the appellant. *See id.* *13-14. We, likewise, find that the question of public versus private place, as litigated in this case, is not material to the question of reasonable suspicion to stop appellant. For the foregoing reasons, we overrule appellant's first issue.

## Comment on the Evidence

Appellant's second issue contends that the trial court impermissibly commented on the evidence in front of the jury during a discussion of the State's relevance objection

9

to questions of Sergeant Muniz regarding the criminal trespass statute. We have previously set forth the trial court's comment and refer the parties to that section of the opinion. At the outset, we note that appellant did not object to the statement by the trial court at the time it was made. Our law requires that in most instances an objection or motion notifying the trial court of any objection is required to preserve an issue of appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993) (en banc). There is a type of error that is an exception to the preservation rule: where a trial court makes comments in front of the jury that are so egregious that it amounts to fundamental error. *See* TEX. R. EVID. 103(d);[6] *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013).

However, before we begin any type of analysis to determine whether an alleged comment by the trial court that was not objected to was fundamental error, and, thusly, did not have to be preserved for appellate review, we must decide whether the statement made by the trial court was in fact a comment on the evidence.

Trial judges must refrain from making any remark or comment calculated to convey to the jury his opinion of the case. *See Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). Further, article 38.05 of the Texas Code of Criminal Procedure provides:

> In ruling on the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

---

[6] Texas Rule of Evidence 103(d) provides that "[i]n a trial of a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court."

Art. 38.05 (West 1979). Any remark or comment made by the trial judge is apt to be seen by the jury as shedding some light on the views of the court to the proceedings before him. *See Brown*, 122 S.W.3d at 798.

The comment in question is presented by appellant as a statement to the jury about the trial court's determination that the place of arrest was a public place. Appellant focuses in on this one statement: "It is a public place." When viewed alone, the statement at issue certainly appears to be a comment on the evidence. However, we cannot view the sentence by itself because it was part of the trial court's ruling on the question of the relevance of the criminal trespass statute. In context, the statement reads as follows: "The issue is not public or private property. It is a public place." When placed in context, the pronoun "[i]t" refers to the subject of the proceeding sentence, "[t]he issue." We read the comment in its proper context as the trial court's clarification of the relevant statutory element at issue in the case. Therefore, the trial court was not making a comment on the evidence that was calculated to divulge his opinion about the case to the jury. *See Brown*, 122 S.W.3d at 798.

Even if we were to assume *arguendo* that the trial court's ruling on the objection was a comment on the evidence, we would still be unable to grant appellant the relief he asks for. As stated above, there was no objection to the trial court's ruling. Therefore, the only way the statement is reversible is if it is fundamental error, such as, comments that vitiated the appellant's presumption of innocence. *See Blue v. State*, 41 S.W.3d 129, 131-32 (Tex. Crim. App. 2000) (en banc) (plurality op.). The facts of the *Blue* case are much more compelling than the facts of the case before the court. In *Blue*, the trial

court apologized to the jury for the delay by telling them that the defendant was still trying to decide whether to take a plea bargain. *See id.* at 130. Further, the trial court told the jury his personal preference was the defendant plead guilty. *See id.* Lastly, the trial court informed the jury, "[W]e were all trying to work toward that and save you time and cost of time." *See id.* Ultimately, a plurality of the Court of Criminal Appeals held that the actions of the trial court amounted to fundamental error and there need not be an objection at trial to gain appellate review of the issue. *See id.* at 134. Yet, the plurality opinion all agreed on the outcome with almost as many different reasons as judges who participated in the decision. *See Unkart,* 400 S.W.3d at 99. In the final analysis, the Court of Criminal Appeals has limited *Blue* to no precedential value and deemed it only to have persuasive value. *See id.* at 100-01.

We decline to apply *Blue* to the facts before us. The statement by the trial court was not one that rose to the level of fundamental error, that is, it did not affect the fundamental substantial rights of appellant. *See* TEX. R. EVID. 103(d); *Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Accordingly, the error had to be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Marin,* 851 S.W.2d at 278. Inasmuch as there was no objection at trial, nothing has been preserved for review. *See id.* Appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Do not publish.

12